UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

-against-

CESAR AUGUSTO GIL GOMEZ,

Defendant.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**07-CR-728-9 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court are Defendant Cesar Augusto Gil Gomez's motions for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). (1st Mot. to Reduce Sentence (Dkt. 240); 2d Mot. to Reduce Sentence (Dkt. 249).) For the reasons discussed below, Defendant's motions are GRANTED.

## I.     BACKGROUND

On January 30, 2008, the Government filed a superseding indictment charging Defendant with conspiring to distribute and possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(a)(A). (Superseding Indictment (S-1) (Dkt. 71).) On September 5, 2008, Defendant pleaded guilty to the charge. (Min. Entry (Dkt. 100).) On December 19, 2008, the court sentenced Defendant to a 135-month term of imprisonment and a five-year term of supervised release, with special conditions, and a special assessment of $100. (J. (Dkt. 131).)

In calculating Defendant's sentence, the court determined that, under the U.S. Sentencing Guidelines (the "Guidelines"), Defendant's total offense level was 33. (Statement of Reasons (Dkt. 132) (filed under seal) at 1.) Based on Defendant's Criminal History Category of I, the court calculated an advisory Guideline range of 135 to 168 months of imprisonment. (Id.) After

1

taking into account the sentencing factors set forth by 18 U.S.C. § 3553(a), the court imposed a sentence of 135 months of imprisonment, reflecting the bottom of the Guideline range. (Id.)

## II. LEGAL STANDARD

Defendant filed the instant motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2), which provides that a term of imprisonment may be modified "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Supreme Court has established a two-step inquiry to guide a district court in its consideration of a § 3582(c)(2) motion. See Dillon v. United States, 560 U.S. 817, 826 (2010); United States v. Christie, 736 F.3d 191, 194-95 (2d Cir. 2013). "First, the district court must determine whether the defendant in question is 'eligible for a reduction in sentence.'" Christie, 736 F.3d at 194 (emphasis in original) (quoting United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010)). Second, if a defendant is eligible for resentencing, the court must then consider any applicable § 3553(a) factors to determine whether the authorized reduction is warranted in whole or in part under the particular circumstances of the defendant's case. Dillon, 560 U.S. at 827.

Through Amendment 782 to the Guidelines, effective November 1, 2014, the Sentencing Commission modified the base offense levels in the Drug Quantity Table at section 2D1.1 of the Guidelines, and thereby lowered the sentencing range for drug-related offenses. See U.S.S.G. App. C (Supp.) at 64, 71, 74 (2014). Amendment 788 to the Guidelines provides that Amendment 782 applies retroactively to defendants sentenced before its effective date. See id. at 86-88 (amending U.S.S.G. § 1B1.10(d) (listing sentencing amendments eligible for retroactive

2

application)). However, unlike other amendments—and although Amendment 782 is "effective" November 1, 2014—"[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e)(1). While subsection (e)(1) thus postpones the effective date of any reduced sentence, it does not preclude the court from conducting resentencing proceedings or entering orders pursuant to § 3582(c)(2) before November 1, 2015, so long as the effective date of the order is November 1, 2015, or later. See id. § 1B1.10 cmt. 6; see also, e.g., United States v. Vargas, 74 F. Supp. 3d 601, 605 (S.D.N.Y. 2015) (discussing effective dates and granting defendant's motion for a reduction in sentence, "effective on November 1, 2015").

If a defendant is eligible for a reduction in sentence, the court proceeds to the second step of the Dillon analysis to determine whether a reduction in sentence is warranted in light of the factors enumerated in 18 U.S.C. § 3553(a). See Dillon, 560 U.S. at 827. Under § 3553(a), the court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need for the sentence imposed to "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a). Where a reduction is authorized, the Guidelines provide that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). But see id. § 1B1.10(b)(2)(B) (setting forth the exception for a defendant sentenced pursuant to a government motion reflecting defendant's substantial assistance to authorities). Ultimately, the Guidelines establish that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." Id. § 1B1.10(b)(2)(C).

3

## III. APPLICATION

Defendant argues that, in light of Amendment 782, his total offense level is now 31. (2d Mot. to Reduce Sentence at 1.) This corresponds to a new Guideline range of 108 to 135 months of imprisonment. See U.S.S.G. § 5A (Sentencing Table). The Government concurs in the calculation of the new Guideline range and agrees that Defendant is eligible for resentencing. (See Gov't's Resp. (Dkt. 254) at 1.)

The court finds that Defendant is eligible for a reduction in sentence. Defendant's sentence was based on the Guideline range in effect at the time. (See Statement of Reasons at 1.) Therefore, Amendment 782 applies. See U.S.S.G. App. C (Supp.) at 71. Had Amendment 782 been in effect at the time of Defendant's sentencing in 2008, see id. § 1B1.10(b)(1), and maintaining all the same adjustments, his total offense level would have been 31 (not 33) (see Statement of Reasons at 1), and the Guideline range for his sentence would have been 108 to 135 months of imprisonment (not 135 to 168), see U.S.S.G. § 5A (Sentencing Table). However, the statutory mandatory minimum remains 120 months. See 21 U.S.C. § 841(b)(1)(A). Whereas, in 2008, the Guideline range fell entirely above the statutory minimum, the range has been lowered such that Defendant is now eligible to have his previous sentence of 135 months reduced by up to 15 months to match the statutory minimum. (See Gov't's Ltr. (Dkt. 255).)

Proceeding to the second step of the analysis, the court must determine whether a reduction in sentence is warranted. Upon review of the § 3553(a) factors, and in light of the Government's consent to a limited resentencing, the court finds that a reduction is in fact warranted. For the same reasons that a sentence at the bottom of the Guideline range was appropriate when Defendant was initially sentenced in 2008, a sentence of 120 months—representing the statutory minimum and thus the "effective" bottom of the new Guideline

4

range—is appropriate here. The court also notes that Defendant has not incurred any disciplinary infractions while in custody. (See Gov't's Resp. at 2.)

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) is GRANTED. Consistent with this Memorandum and Order, the court will issue an Amended Judgment reflecting a sentence of 120 months of imprisonment, with an effective date of November 1, 2015. The court does not alter any other portion of the December 19, 2008, Judgment (Dkt. 131), including the special conditions of supervised release and the $100 special assessment.

SO ORDERED.

Dated: Brooklyn, New York
October 27, 2015

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge